**MCMILLAN LAW GROUP**
Julian McMillan, Esq. (SBN: 241937)
Alan Shepard, Esq. (SBN: 292590)
2751 Roosevelt Rd., Suite 204
San Diego, CA 92106
Telephone: 858-499-8951
Facsimile: 619-241-8291
Email: julian@mcmillanlawgroup.com
Email: alan@mcmillanlawgroup.com

Attorneys for Defendant, Michael Yaikian

## UNITED STATES BANKRUPTCY COURT

### Southern District of California

| | |
|---|---|
| In re<br><br>MICHAEL YAIKIAN, aka MICHAEL JAIKIAN,<br><br>          Debtor.<br>_____<br>KARAPET YAIKIAN<br><br>          Plaintiff.<br>   -v-<br><br>MICHAEL YAIKIAN, aka MICHAEL JAIKIAN,<br>          Defendant.<br>_____ | Case No.: 12-12625-MM7<br><br>Adversary Proceeding No.: 12-90431-MM<br><br><br>**SUPPLEMENTAL PRE-TRIAL BRIEF REGARDING EFFECT OF *WANK V. GORDON***<br><br>Hearing Date: February 11, 2014<br>Time: 10 a.m.<br>Dept: 1<br>Judge: Hon. Margaret Mann<br><br>Trial Date: February 12, 2014 |

Defendant Michael Yaikian ("Yaikian") respectfully submits this brief regarding the effect of Wank v. Gordon (In re Wank), 2014 Bankr. LEXIS 389 (B.A.P. 9th Cir. Jan 29, 2014) on this case.

**I.    A Creditor Must Allege Fraud Under §523(a)(2) to Preclude Litigation on the Issue of Fraud as Admitted in a Stipulated Judgment**

*Wank v. Gordon* is another demonstration of the necessity of pleading fraud under 11 U.S.C. §523(a)(2) in order to raise any possibility of issue preclusion or estoppel that may stem from a stipulated judgment for fraud. In *Wank*, the debtor signed a settlement agreement and stipulated judgment releasing him from the claim of fraud on the condition he pay the defendants money. Wank at 4. Wank did not pay the required sum under the agreement, and the state court entered the stipulated judgment. Id. at 6. Wank filed a chapter 7 bankruptcy petition about two years later, and his creditors filed an adversary complaint seeking a declaration from the bankruptcy court that the debt was excepted from discharge under §§523(a)(2), (4), (6), and (19). Id.[1] The bankruptcy court made its determination of nondischargeability solely on the issue of 523(a)(2), and not under (a)(6).

In this case, Plaintiff has asked for a determination that the debt owed is excepted from discharge under 523(a)(6) only. (Compl.) Similar to *Wank*, Yaikian did not sign a stipulated judgment stating that he "willfully and maliciously" injured his father. (Stipulated Judgment.) Instead, the Stipulated Judgment in this case has the very broad and nonspecific language that Yaikian admitted and stipulated to "fraud in their inducement of Karapet." (Id.) Because there were no facts that the *Wank* court could make a determination of "willful and malicious" injury, it only made its decision on the basis of 523(a)(2). Wank at 11, 14. Because Karapet has plead for a determination of nondischargeability under 523(a)(2), the Stipulated Judgment has no effect on the issues raised in this case.

///

///

///

///

///

---

[1] It is also important to note that the creditors in *Wank* did not waste the Court's resources by requesting a denial of discharge under §727.

**II.     To Preclude Litigation of the Issues Here, There Must be No Genuine Issue of Material Fact**

In *Wank*, the bankruptcy court improperly made a determination of nondischargeability on a summary judgment motion. <u>Wank</u> at 2. Summary judgment may be granted "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a).

In *Wank*, the debtor signed a declaration along with a stipulated judgment that admitted three of the five elements of fraud necessary to lead to a determination that his debt was nondischargeable under §523(a)(2). <u>Wank</u> at 5. In opposition to his creditor's motion for summary judgment, Wank submitted a second declaration denying each element of fraud. <u>Id</u> at 8. The BAP ruled that when combined with a second declaration by the debtor denying he acted in a manner sufficient to prove all five elements of fraud, it is improper to determine a debt is nondischargeable based solely on the admissions of the debtor in conjunction with a prior Stipulated Judgment. <u>Id</u>. at 18. The BAP reasoned that where the purpose of a document is to ensure that a debtor cannot obtain effective relief in bankruptcy, its credibility is diminished such that it cannot be the sole basis for a determination of nondischargeability. <u>Id</u>. at 19.On that basis, the BAP held that the second declaration of the debtor raised genuine issues of material fact, so it was improper for the bankruptcy court to make rule on a summary judgment basis.

Here, Yaikian has submitted a second declaration denying elements of fraud. (*See* Decl. Yaikian, February 5, 2014, attached to Defendant's Trial Brief.) Yaikian declares that his father asked him to sign the Stock Repurchase Agreement, because he needed money to pay his criminal defense attorney. (<u>Id</u>., ¶16.) Yaikian declares that he stopped making payments only at the request of his father, and that his father excused his performance under the Repurchase Agreement in its entirety. (<u>Id</u>., ¶¶ 20 and 26.) Yaikian testified that his attorney only advised him to settle the case, and his attorney did not advise him of the effect of the stipulated judgment and what he was signing. (<u>Id</u>., ¶35-36.) Each of these statements contradicts the conclusory language of the unbelievable Stipulated Judgment.

The Stipulated Judgment in this case attempted to defeat Yaikian's rights in bankruptcy court. (*See* Stipulated Judgment, ¶G ["Defendants stipulate that the instant Stipulated Judgment shall be non-dischargeable by them, and every one of them, in bankruptcy"].) Similar to *Wank*, the Stipulated Judgment here violates the strong public policy against bankruptcy-defeating clauses, and the credibility of the document is weakened such that it cannot be the sole basis for a determination of nondischargeability in a summary judgment motion. *See* <u>Bank of China v. Huang (In re Huang)</u>, 275 F.3d 1173 (9th Cir. 2002) (holding "it is against public policy for a debtor to waive the prepetition protection of the Bankruptcy Code.") If this Court makes a determination of nondischargeability without trial, it must find that there is no genuine issue of material fact under FRCP 56(a). Because, Yaikian has submitted a second declaration with facts sufficient to deny each element of fraud, and the Stipulated Judgment has weakened credibility, this Court cannot preclude litigation of each element under 523(a)(6) or (2).

**III.    A Stipulated Judgment Must Include Facts Sufficient to Demonstrate Each of the Elements Required Under Section 523**

In *Wank*, the Court "looked behind" the Stipulated Judgment to determine whether there existed sufficient facts to determine if the debt was nondischargeable under 523(a)(2). <u>Wank</u> at 13. Even though the Stipulated Judgment admitted to "fraud," the Court decided it was necessary to "look behind" the Judgment, because it did not include all of underlying facts to support a finding of nondischargeability. <u>Id</u>. at 17. The Court cited <u>In re Cole</u> for the rule that "If the parties stipulated to the underlying facts that support a finding of nondischargeability, the Stipulated Judgment would then be entitled to collateral estoppel application. <u>Id</u>. *citing* <u>Hayhoe v. Cole (In re Cole)</u>, 226 B.R. 647, 653 (9th Cir. BAP 1998).

The five elements, each of which the creditor must demonstrate by a preponderance of the evidence to obtain a determination of nondischargeability under 11 U.S.C. §523(a)(2) , are: (1) misrepresentation, fraudulent omission or deceptive conduct by the debtor; (2) knowledge of the falsity or deceptiveness of his statement or conduct; (3) an intent to deceive; (4) justifiable reliance by the creditor on the debtor's statement or conduct; and (5) damage to the creditor

proximately caused by its reliance on the debtor's statement or conduct. <u>American Express Travel Related Servs. Co. v. Hashemi (In re Hashemi)</u>, 104 F.3d 1122, 1125 (9th Cir. 1997). "To prevail under § 523(a)(6), a party must prove that the injury was both "willful" and "malicious. " <u>In re Jercich</u>, 238 F.3d 1202, 1209 (9th Cir. 2001).

Here, similar to *Wank*, the stipulated judgment is not sufficient to give it collateral estoppel application, because it did not include all of the facts sufficient to make a determination of nondischargeability. In this case, the Stipulated Judgment only states "Defendants, and each of them, admit and stipulate to fraud in their inducement of KARAPET…" (Stipulated Judgment, ¶E.) The Stipulated Judgment summarily states "Defendants … admit and stipulate to breach of contract in that, in or about July, 2003 they willfully and intentionally ceased the payment of $750.00 per week payments…" (<u>Id</u>. at F.) The Stipulated Judgment includes no "facts" to support each of the five elements required for 523(a)(2), and none of the "facts" to support 523(a)(6). Additionally, the words "willfully and intentionally" do not match the elements of 523(a)(6), because the words simply state that the Defendants intentionally stopped making a payment, <u>not</u> that the Defendants stopped making the payments when they had the ability to and in order to maliciously injury to Karapet. Thus, the Stipulated Judgment has no preclusive effect on the issues raised by Karapet in his adversary complaint.

/// 
/// 
/// 
/// 
/// 
/// 
/// 
/// 
/// 
/// 
/// 

Supplemental Pre-Trial Brief
5

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.    Conclusion**

  *Wank v. Gordon* should be helpful in guiding this Court in its determination that the Stipulated Judgment does not have collateral estoppel application in this case. First, Plaintiff did not seek a determination from this Court that the debt is nondischargeable under 523(a)(2). Second, there are genuine issues of material fact that must be considered, so trial is necessary. Third, the Stipulated Judgment did not include facts sufficient to make a determination of nondischargeability under both 523(a)(2) and (6). Michael Yaikian respectfully requests that this court give him his day in court.

Dated:  February 10, 2014

Respectfully Submitted

MCMILLAN LAW GROUP

By:/s/ Julian McMillan_____
   Julian McMillan, Esq.
   Attorney for Defendant, Michael Yaikian